MORGAN, LEWIS & BOCKIUS LLP
DONALD P. SULLIVAN, State Bar No. 191080
SACHA M. STEENHOEK, State Bar No. 253743
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendants
THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA and K. HOVNANIAN COMPANIES,
LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH McCARTHY,<br><br>    Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and K. HOVNANIAN COMPANIES, LLC,<br><br>    Defendants. | Case No. CV 08 1888 JL<br><br>**ANSWER OF DEFENDANTS THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND K. HOVNANIAN COMPANIES, LLC TO PLAINTIFF'S COMPLAINT** |

DEFENDANTS THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") and K. HOVNANIAN COMPANIES, LLC ("Hovnanian") (collectively, "Defendants") answer the Complaint ("Complaint") of plaintiff EDITH McCARTHY ("Plaintiff") as follows:

1. The statements contained in Paragraph 1 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation. Defendants do not, however, dispute that this Court has jurisdiction to hear this case.

2. The statements contained in Paragraph 2 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER
CV 08 1888 JL

such allegation. Defendants do not, however, dispute that venue is proper in this case.

3. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Complaint, and on that ground deny each and every such allegation.

4. Defendants admit the statements contained in the first and second sentences in Paragraph 4 of the Complaint. The statements contained in the third sentence of Paragraph 4 of the Complaint do not constitute factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

5. The statements contained in Paragraph 5 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Complaint, and on that ground deny each and every such allegation.

6. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Complaint, and on that ground deny each and every such allegation.

7. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Complaint, and on that ground deny each and every such allegation.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny each and every allegation contained in Paragraph 11 of the Complaint.

12. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Complaint, and on that ground deny each and every such allegation.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ANSWER
CV 08 1888 JL

13.     Defendants deny each and every allegation contained in Paragraph 13 of the Complaint, except admit that Long Term Disability benefits were approved through October 11, 2004.

14.     Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants deny each and every allegation contained in Paragraph 15 of the Complaint.

16.     Defendants deny each and every the allegation contained in Paragraph 16 of the Complaint, except admit that Dr. Holmer sent a letter to Prudential dated December 18, 2004.

17.     Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny each and every allegation contained in Paragraph 19 of the Complaint, except admit that Plaintiff submitted a second appeal on July 25, 2005.

20.     Defendants deny each and every allegation contained in Paragraph 20 of the Complaint, except admit that Dr. Wolfe sent a letter dated August 3, 2005.

21.     Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny each and every allegation contained in Paragraph 22 of the Complaint.

23.     Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 23 of the Complaint, and on that ground deny each and every such allegation.

24.     Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny each and every allegation contained in Paragraph 27 of the Complaint, except admit that Dr. Barr stated the findings were "not at a level that would traditionally be labeled as 'impaired.'"

28.     Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants admit the allegations contained in Paragraph 29 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ANSWER
CV 08 1888 JL

30. Defendants deny each and every allegation contained in Paragraph 30 of the Complaint.

31. Defendants deny each and every allegation contained in Paragraph 31 of the Complaint.

32. Defendants deny each and every allegation contained in Paragraph 32 of the Complaint, except admit that Prudential notified Plaintiff by letter dated November 9, 2006, that it had terminated her benefits effective November 6, 2006.

33. Defendants deny each and every allegation contained in Paragraph 33 of the Complaint.

34. Defendants deny each and every allegation contained in Paragraph 34 of the Complaint.

35. Defendants deny each and every allegation contained in Paragraph 35 of the Complaint.

36. Defendants deny each and every allegation contained in Paragraph 36 of the Complaint.

37. Defendants deny each and every allegation contained in Paragraph 37 of the Complaint.

38. Defendants deny each and every allegation contained in Paragraph 38 of the Complaint.

39. Defendants deny each and every allegation contained in Paragraph 39 of the Complaint.

40. Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41. Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny each and every allegation contained in Paragraph 42 of the Complaint, except admit that Plaintiff refused to participate in an INE.

43. Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny each and every allegation contained in Paragraph 44 of the Complaint, except admit that Prudential requested raw data from Dr. Cannick's evaluation.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ANSWER
CV 08 1888 JL

45. Defendants deny each and every allegation contained in Paragraph 45 of the Complaint.

46. Defendants deny each and every allegation contained in Paragraph 46 of the Complaint.

47. Defendants deny each and every allegation contained in Paragraph 47 of the Complaint, except admit that Plaintiff's appeal was denied on September 11, 2007.

48. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 48 of the Complaint, and on that ground deny each and every such allegation.

49. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 49 of the Complaint, and on that ground deny each and every such allegation.

50. Defendants admit the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny each and every allegation contained in Paragraph 51 of the Complaint.

52. Defendants deny each and every allegation contained in Paragraph 52 of the Complaint.

53. Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54. Defendants admit the allegations contained in Paragraph 54 of the Complaint

55. In responding to Paragraph 55 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1 through 54 above.

56. The statements contained in Paragraph 56 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants admit the allegations contained in Paragraph 56 of the Complaint.

57. The statements contained in Paragraph 57 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants admit the allegations

contained in Paragraph 57 of the Complaint.

58. The statements contained in Paragraph 58 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. The statements contained in Paragraph 59 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

60. The statements contained in Paragraph 60 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

61. The statements contained in Paragraph 61 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

62. The statements contained in Paragraph 62 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

63. The statements contained in Paragraph 63 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

64. The statements contained in Paragraph 64 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every

such allegation.

65. The statements contained in Paragraph 65 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

66. The statements contained in Paragraph 66 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

67. The statements contained in Paragraph 67 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

68. The statements contained in Paragraph 68 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

The statements set forth in Plaintiff's Prayer for Relief constitute claims for relief and legal contentions, rather than factual allegations, thereby requiring no answer. To the extent that any such statements are construed to contain allegations of fact, Defendants deny each and every such allegation.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the claims asserted in the Complaint, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and its purported Cause of Action pursuant to ERISA contained

therein, fails as a matter of law because Plaintiff has failed to allege facts sufficient to support actionable claims under ERISA.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and its purported Cause of Action, is barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and its purported Cause of Action pursuant to ERISA contained therein, is barred by the doctrine of waiver because of Plaintiff's own conduct, acts, and omissions.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and its purported Cause of Action contained therein, is barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is limited to the relief available under ERISA Section 502(a)(1)(B) and the terms of the Plan.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and its purported Cause of Action pursuant to ERISA contained therein, fails to state actionable claims under ERISA to the extent that Plaintiff is seeking prejudgment interest or other relief not available under ERISA.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and its purported Cause of Action pursuant to ERISA contained therein, fails as a matter of law because Plaintiff has already received all of the benefits to which

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

ANSWER
CV 08 1888 JL

she is entitled under the terms of the Plan.

### EIGHTH AFFIRMATIVE DEFENSE

The decision regarding Plaintiff's claim for benefits was based on substantial evidence, and as such did not constitute an abuse of discretionary authority granted to the claims review fiduciary under the terms of the Plan, making Plaintiff not entitled to recovery of Plan benefits.

### NINTH AFFIRMATIVE DEFENSE

Should the Court determine that Plaintiff is entitled to the payment of benefits, which Defendants expressly deny, Defendants are, pursuant to the terms of the Plan, entitled to offset or deduct from any payment to Plaintiff any income Plaintiff is receiving or has received from any other source, including, but not limited to, Social Security disability insurance, other State or Federal disability insurance, Worker's Compensation, and/or any other government disability benefits.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees under ERISA § 502(g).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to satisfy the terms and/or conditions of the Plan, including, but not limited to, failing to provide timely written proof of loss and failing to cooperate during the claims review process.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants have fully performed all obligations, both express and implied, owed to Plaintiffs under the Plan and applicable law.

///
///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

ANSWER
CV 08 1888 JL

### THIRTEENTH AFFIRMATIVE DEFENSE

Because Plaintiff's Complaint is vague, ambiguous, uncertain, mispled, and couched in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendants reserve the right to assert additional defenses if and to the extent that such defenses are applicable.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred in whole or in part by the statute of limitations.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by the Complaint and judgment be entered for Defendants;
2. That Defendants be awarded all costs of suit incurred herein;
3. That Defendants be awarded all reasonable attorneys' fees; and
4. That Defendants be granted such other and further relief as the Court deems just and proper.

Dated:  May 28, 2008                         MORGAN, LEWIS & BOCKIUS LLP

                                             By:  /S/   Donald P. Sullivan
                                                  Donald P. Sullivan

                                             Attorneys for Defendants
                                             THE PRUDENTIAL INSURANCE
                                             COMPANY OF AMERICA and K.
                                             HOVNANIAN COMPANIES, LLC

1-SF/7707783.1